UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DONNA EDWARDS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-11-2568 |
| | § | |
| CHEVRON U.S.A., INC., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Chevron U.S.A., Inc.'s motion for summary judgment. Dkt. 21. Upon consideration of the motion, the response, the reply, the summary judgment record, and the applicable law, the motion is DENIED.

**BACKGROUND**[1]

Donna Edwards brings this discrimination case pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12112 *et seq.*, alleging that her supervisors at Chevron discriminated against her on the basis of her disability—Irritable Bowel Syndrome—when they terminated her employment and denied her a reasonable accommodation.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported

---

[1] Because the court holds that there are genuine issues of material fact in this case precluding summary judgment, it makes no findings of fact at this time.

motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986). An issue is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to summary judgment, and no defense to the motion is required. *Id.* "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting former Fed. R. Civ. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dallas, Tex.*, 529 F.3d 519, 524 (5th Cir. 2008). The court must review all of the evidence in the record, but make no credibility determinations or weigh

2

any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence supporting the moving party that is uncontradicted and unimpeached. *Moore v. Willis Indep. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts." *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

## ANALYSIS

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a).

**1.   Disability**

"As a threshold requirement in an ADA claim, the plaintiff must, of course, establish that he has a disability." *Waldrip v. Gen. Elec. Co.*, 325 F.3d 652, 654 (5th Cir.2003) (internal quotation omitted). To show that she has a disability, a plaintiff must show:

> (A) a physical or mental impairment that substantially limits one or more major life activities of such individual;
>
> (B) a record of such an impairment; or
>
> (C) being regarded as having such an impairment

3

42 U.S.A. § 12102(1). A physical or mental impairment is "[a]ny physiological disorder or condition, cosmetic disfigurement, or anatomical loss affecting one or more body systems, such as neurological, . . ., digestive, . . ., and endocrine." 29 C.F.R § 1630.2(h)(1). And a major life activity includes "[t]he operation of a major bodily function, including . . . digetive, . . .,bowel, [and] bladder . . . ." *Id.* at 1630.2(i)(1)(ii). In 2008 Congress amended the ADA with the intention, among other things, that the definition of disabled be read more broadly than the definition developed by the courts at the time. ADA Amendments Act of 2008, PL 110-325, Section 2(a)(8), 122 Stat. 3553, 3553. The definition of disability now includes "[a]n impairment that is episodic or in remission . . . if it would substantially limit a major life activity when active." 29 C.F.R. § 1630.2(j)(vii). Edwards alleges and has adduced her sworn statements that she has been diagnosed with a medical bowel disease which has flared up from time to time during her life—most recently requiring that she take several months medical leave in early 2010. Dkt. 21, Ex. 1, Dkt. 22, Ex. 2. Under the amended ADA, that is sufficient. Accordingly, for the purposes of the ADA, Edwards is disabled.

After the passage of the amended the ADA, the inquiry focuses less on the question of whether a plaintiff is disabled and more on the actions taken by the employer. *See Garner v. Chevron Phillips Chem. Co., L.P.*, 834 F. Supp. 2d 528, 536–38 (S.D. Tex. 2011) (discussing the different standards). In the instant case, Edwards claims that Chevron violated the ADA in two ways, first Edwards alleges that Chevron terminated her employment because of her disability. And second, Edwards alleges that Chevron failed to make a reasonable accommodation for her when Chevron would not allow her to telecommute.

**2.    Unlawful Termination**

In reviewing an ADA case involving an adverse employment action, the court uses the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *E.E.O.C.*

4

*v. Chevron Phillips Chem. Co.*, 570 F3d 606, 615 (5th Cir. 2009). "Under this framework, the plaintiff must first establish a prima facie case of discrimination." *Hammond v. Jacobs Field Servs.*, 2012 WL 6033078 at *2 (5th Cir. 2012) (citing *McDonnell*, 411 U.S. at 802). "If the plaintiff succeeds, then the employer must articulate a legitimate, nondiscriminatory reason for the adverse employment action." *Id.* "If the employer meets its burden, then the burden of production shifts back to the plaintiff to show that the defendant's proffered reason was a pretext for unlawful discrimination." *Id.* A prima facie case coupled with a showing that the proffered reason was pretextual will usually be sufficient to survive summary judgment. *Id.*

To make her prima facie case, Edwards must demonstrate that "(1) she is disabled, has a record of having a disability, or is viewed as disabled; (2) she is qualified for her job; (3) she was subjected to an adverse employment action on account of her disability or the perception of her disability; and (4) she was replaced by, or treated less favorably than, non-disabled employees." *Garner*, 834 F. Supp. 2d at 540. As discussed above, Edwards is disabled within the meaning of the Act. Furthermore, no party argues that Edwards is not qualified or that she did not suffer an adverse employment action. Therefore, she need only demonstrate that she was treated less favorably than non-disabled employees to make her prima facie case. Edwards points to evidence in the record that at one point the other employees on the BMP team received similar performance critiques to hers but none was placed on a Performance Improvement Plan or had their employment terminated. Dkt. 21, Ex. 7. Chevron argues that these employees were not similarly situated. However, the BMP team all reported to the same manager and had the same job duties. Dkt. 21 at 4. They may not be identical, but the Fifth Circuit requires *nearly* identical comparators, not identical. *See Turner v. Kansas City Ry. Co.*, 675 F.3d 887, 893 (5th Cir. 2012). Chevron also argues that the performance reviews cited by Edwards were from 2009 and are therefore too remote in time to be comparators.

At this point, the summary judgment record consists of Edwards's deposition testimony that others received similar job reviews and a copy of at least one review that supports the allegation that all of the BMP employees received similar critiques. Dkt. 21, Ex. 1 at 38, 244; Ex. 7. Since the court most construe all facts and inferences in the light most favorable to the nonmovant—Edwards—the court finds that at this stage, Edwards has demonstrated that there is at least a genuine issue of material fact regarding whether similarly situated employees were treated differently. Accordingly, Edwards has met her burden to show a prima facie case.

Thus under *McDonnell Douglas*, the burden shifts to Chevron to articulate a legitimate nondiscriminatory reason for terminating Edwards's employment. Chevron has easily carried this burden. Chevron routinely engages in many layers of reporting and counseling for all of its employees. Dkt. 21, Ex. 2. Chevron argues and has adduced evidence to support the fact that Edwards's employment was terminated because she consistently underperformed in many areas despite repeated counseling and opportunities to improve. *Id.* Therefore, Chevron has met its burden.

The burden is now Edwards's to demonstrate that the reasons given for terminating her employment were merely pretext for discrimination.

> To carry that burden, the plaintiff must produce substantial evidence of pretext: "Evidence that the proffered reason is unworthy of credence must be enough to support a reasonable inference that the proffered reason is false; a mere shadow of doubt is insufficient." [The Fifth Circuit] has consistently held that an employee's "subjective belief of discrimination" alone is not sufficient to warrant judicial relief.

*Auguster v. Vermilion Parish Sch. Bd.*, 249 F.3d 400, 402 (5th Cir. 2001) (quoting *Bauer v. Albemarle Corp.*, 169 F.3d 962, 967 (5th Cir.1999)). "Under the ADA, discrimination need not be the sole reason for the adverse employment decision, [but] must actually play a role in the employer's decision making process and have a determinative influence on the outcome." *Pinkerton v.*

6

*Spellings*, 529 F.3d 513, 519 (5th Cir. 2008). Thus Edwards need not show pretext for each of Chevron's reasons for terminating her employment. The record supports Chevron's argument that Edwards was in many ways a difficult employee in a team situation, but it also suggests that her doctor visits were repeatedly an issue. *See, e.g.,* Dkt. 21, Ex. 2, Tabs E, P. Accordingly, because the court does not weigh evidence on summary judgment, the court holds that there is a genuine issue of material fact regarding pretext precluding summary judgment on this issue.

**3.    Accommodation**

"Under the ADA, it is unlawful for an employer to fail to accommodate the known limitations of an employee's disability." *Griffin v. United Parcel Serv., Inc.*, 661 F.3d 216, 224 (5th Cir. 2011). "An employee who needs an accommodation because of a disability has the responsibility of informing her employer." *E.E.O.C. v. Chevron Phillips Chem. Co.*, 570 F.3d 606, 621 (5th Cir.2009). "The employee must explain that the adjustment in working conditions or duties she is seeking is for a medical condition-related reason, but the employee does not have to mention the ADA or use the phrase 'reasonable accommodation.'" *Id.* "Plain English will suffice." *Id.*

Chevron's argument on this point is simple; it contends that Edwards never requested an accommodation. In support of this argument, Chevron points to a section of Edwards's deposition testimony. Dkt. 21, Ex. 1 at 235. However, this section of Edwards's deposition does not state that she did not request an accommodation. *Id.* Rather, Edwards testified that she could not recall what the accommodation request was. *Id.* In her response to the motion for summary judgment, Edwards adduces an affidavit stating specifically that she did request an accommodation—to telecommute. Dkt. 22, Ex. 2. Additionally, Edwards testified that she had spoken to her supervisors regarding the severity of her condition. Dkt. 21, Ex. 1. And, if her supervisors were in any doubt that her IBS was severe, certainly the fact that she had to take a 3 month medical leave to deal with a flare up should

7

have alerted them. Therefore, the court holds that there is a genuine issue of material fact regarding whether Edwards requested an accommodation precluding summary judgment.

## Conclusion

Pending before the court is Chevron's motion for summary judgment. For the reasons described above, the motion is DENIED.

It is so ORDERED.

Signed at Houston, Texas on February 7, 2013.

_____
Gray H. Miller
United States District Judge